```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROBERT H. AJAMIAN,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       14-CV-4093(JS)(GRB)

KINAN NIMEH,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:     Robert H. Ajamian, pro se
                   30 Eberle Road
                   Latham, NY 12110

For Defendants:    No appearances
```

SEYBERT, District Judge:

On June 10, 2014, pro se plaintiff Robert H. Ajamian ("Plaintiff") filed an in forma pauperis Complaint in the United States District Court for the District of Columbia pursuant to 42 U.S.C. § 1983 ("Section 1983") against Kinan Nimeh ("Defendant"), accompanied by an application to proceed in forma pauperis. By Transfer Order also filed on June 10, 2014, Plaintiff's action was transferred to the Eastern District of New York on July 1, 2014 and assigned to the undersigned.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte

DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). However, Plaintiff is GRANTED leave to file an Amended Complaint **within thirty (30) days from the date of this Order.**

BACKGROUND[1]

Plaintiff's sparse handwritten Complaint, submitted on a Section 1983 complaint form, complains that the Defendant, who is alleged to be Plaintiff's stockbroker during the period of March 2005 through September 2011, made "criminal misrepresentations" and breached his fiduciary duty to the Plaintiff in relation to investments to Plaintiff's retirement account. (Compl. ¶¶ 4-5.) In its entirety, Plaintiff claims that[2]

> Broker Kinan Nimeh from Gann Allen Financial violated my constitutional rights to conservative safe Keough retirement account from March 2005 - Sept 2011 and my property was destroyed in the amount of $30,000 plus treble which is $90,000 today total. The criminal misrepresentation and fraudulent concealment doctrine many dangerous activities against a retirement account took place excessive margins, penny stocks all in violation of the 1934 SEC Act.

(Compl. ¶ 4.) Based on the foregoing, Plaintiff next alleges as his cause of action:

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

[2] Plaintiff's allegations have been reproduced here exactly as they appear in the Complaint. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> In my first cause of action my Constitutional rights were violated for safe conservative investments. Kinan Nimeh was taking dangerous approach with excess margins and penny stocks he had conflict of interest. Kinan would criminally misrepresent what he was doing and fraudulently concealing his activities all against SEC 1934 act.
> I identify that $30,000 plus treble $90,000 are my total damages.
> Due to my Constitutional rights being violated and being mislead and misinformed I am demanding compensation of $90,000 for damage to my retirement account.

(Compl. ¶ 5.) For relief, Plaintiff seeks to recover a damages award of $90,000 "for damages to my Keough retirement fund violating my constitutional rights and endangering my security and families security." (Compl. ¶ 6.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii),

3

1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United

4

> States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. State Action

Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" Hooda v. Brookhaven Nat'l Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L. Ed. 2d 418 (1982)). Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted); Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is . . . required to show state action." (internal quotation marks and

5

citation omitted)). Indeed, "the under-color-of- state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citation omitted).

A private actor, such as the Defendant, may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1606, 26 L. Ed. 2d 142 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

Here, Plaintiff does not allege that the Defendant acted under color of state law or acted jointly with a state actor. Nor are there any facts from which the Court could reasonably construe a conspiracy claim. Thus, in the absence of any state action,

6

Plaintiff's Section 1983 claim against the Defendant is not plausible as a matter of law. Ciambriello, 292 F.3d at 325. Accordingly, Plaintiff's Section 1983 claim against the Defendant is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

   B. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, the Court GRANTS Plaintiff leave to file an Amended Complaint given his references to the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78j(b).

Plaintiff is cautioned that a securities fraud claim under the 1934 Act must be brought within two years after discovery of the facts constituting the violation. 28 U.S.C. § 1658(b). The statute of limitations period only begins to run after "a reasonably diligent plaintiff would have discovered the facts constituting the violation, including scienter--irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." Merck & Co. v. Reynolds, 559 U.S. 633, 653, 130 S. Ct. 1784, 1798, 176 L. Ed. 2d 582 (2010) (internal quotation marks omitted). In addition, a securities fraud claim requires that a "plaintiff must plead that the defendant, in connection with the

purchase or sale of securities, made a materially false statement or omitted a material fact, with scienter, and that the plaintiff's reliance on the defendant's action caused injury to the plaintiff." See Ganino v. Citizens Utilities Co., 228 F.3d 154, 161 (2d Cir. 2000) (collecting cases).

Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear docket number 14-CV-4093(JS)(GRB) and **shall be filed with the Court within thirty (30) days from the date of this Order.** Plaintiff's Amended Complaint will replace his original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue should be included in his Amended Complaint. If Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be DISMISSED WITH PREJUDICE. If Plaintiff timely files an Amended Complaint it shall be reviewed pursuant to 28 U.S.C. § 1915A(a).

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). Plaintiff is GRANTED leave to file an Amended Complaint **within thirty (30) days from the date of this Order.** If Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be DISMISSED WITH PREJUDICE.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the <u>pro</u> <u>se</u> Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  26 , 2014
       Central Islip, New York

9